## TRANSCONTINENTAL CAR FORWARDING CO v SLADDEN

Ohio Appeals, 9th Dist; Summit Co

No 2639. Decided Dec 27, 1935

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in·error.

## OPINION

By WASHBURN, J.

It is evident that, unless Mr. Sladden, who was driving the automobile, was guilty of contributory negligence, a jury would be warranted in returning a verdict against said forwarding company on the basis of ordinary negligence. It is equally apparent, under the decisions of the Supreme Court of this state, that the driver of said automobile was guilty of a violation of §12603, GC, in driving his motor vehicle upon a public road at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead; and the important question, as the case was submitted to the jury, was whether those in charge of said tractor and trailer were guilty of wanton misconduct; it being conceded that contributory negligence is not a defense to a charge of wanton negligence.

One of the errors complained of is that the trial court erred in referring to the claims, made in the petition, of negligence which would constitute only ordinary negligence, and in admitting evidence relating thereto, and in explaining the law with reference thereto and with reference to con-

tributory negligence, although the court charged that such simple or ordinary negligence, if it existed, would not entitle said administratrix to a verdict because of the contributory negligence of the deceased husband, who was driving said automobile, and that "In the absence of wanton negligence on the part of the defendant company, acting through its agents and employees, which was a proximate cause of the accident, your verdict must be for the defendant."

We think that the evidence in question was competent as showing all of the conditions and circumstances surrounding the occurrence, and as having a bearing upon the question of the state of mind of those in charge of the tractor and trailer, which is necessary to be considered in determining whether or not they were guilty of wanton negligence; and if such evidence was admissible, it was proper for the court to explain the law with reference there'o, provided the court made it plain to the jury that simple negligence could not be a basis of recovery, and plainly charged that there could be no recovery unless the defendant, through its agents, was guilty of wanton negligence; and we are of the opinion that the court plainly so charged in this case.

It is also claimed that the finding of the jury that there was such wanton negligence is manifestly against the weight of the evidence; but we do not find that to be the case.

We think there was evidence justifying a finding that there was great probability of harm coming to those who were driving automobiles along the highway, as the deceased was, and that those in charge of said tractor and trailer owed a duty to such persons to use care to prevent such harm; and we also think that there was evidence from which the jury could properly find that those in charge of said tractor and trailer actually knew of such probability, and that, under the circumstances, the conduct on the part of those in charge of the tractor and trailer was such reckless indifference to consequences as to make their conduct wanton, and that they failed to exercise any care to prevent harm to said decedent, and that therefore the defendant was guilty of wanton negligence; at least, the jury's finding of the foregoing propositions is not manifestly against the weight of the evidence.

As has been said, there was introduced in this case evidence which, if believed, warranted the jury in finding that those in charge of said tractor and trailer ac-

tually knew of the approach of said automobile, and were conscious of the danger of harm to the occupants thereof from the probable happening of that which did happen; but knowledge of the approach of said automobile (while very important and persuasive) was not an indispensable fact in determining the question of wantonness. So far as knowledge is concerned, the necessary element of wantonness is that, from the existing facts and circumstances known to those in charge of the tractor and trailer, they were conscious of the probability of the approach of an automobile and of the great probability of harm to persons therein from the situation which they had created if they failed to exercise any care to prevent such harm. Under such circumstances, failure to use any care warranted the jury in finding their conduct to be such conscious and reckless indifference to consequences as constituted wanton negligence, rather than a mere neglect or inadvertence.

We find no prejudicial error in the record in this case, and the judgment is therefore affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.